In the Matter of the ESTATE OF Marion E. WIRES, Deceased.

Beverly RODRIGUEZ, Personal Representative–Appellee,

v.

Alfred A. MEDINA, Respondent–Appellant.

No. 86CA1106.

Colorado Court of Appeals, Div. I.

July 7, 1988.

Rehearing Denied Aug. 4, 1988.

Certiorari Denied Dec. 12, 1988.

Louise F. Miller, Fort Collins, for personal representative-appellee.

Elliott and Neuswanger, P.C., Nancy A. Neuswanger, Fort Collins, for respondent-appellant.

TURSI, Judge.

Respondent, Alfred A. Medina, appeals from two orders of the district court sitting in probate. The first order entered July 16, 1986, determined that Medina was not the decedent's common law spouse. The second order, an oral ruling made from the bench on December 1, 1986, directed Medina to reimburse the estate for $1,294.46 he withdrew from decedent's bank accounts after her death. We affirm.

Medina first contends that the trial court erred in determining that he was not the decedent's common law spouse. We disagree.

A common law marriage is established by the mutual consent or agreement of the parties to be husband and wife, followed by a mutual and open assumption of a marital relationship. *People v. Lucero*, 747 P.2d 660 (Colo.1987). The determination of whether a common law marriage exists turns on issues of fact and credibility, which are properly within the province of the finder of fact. *People v. Lucero, supra.*

Here, it was undisputed that Medina and the decedent lived together for approximately seven years. The trial court found that the decedent and Medina discussed getting married, but the decedent decided not to marry after learning her Social Security benefits would be discontinued if she married. The trial court also found that decedent and Medina filed separate income tax returns as single individuals; and that decedent continued to use the name "Marion E. Wires" for all important documents. These findings are sufficient to support the

trial court's conclusion that no common law marriage existed between Medina and the decedent.

Medina also contends that the trial court erred in directing him to reimburse the estate for $1,294.46 he withdrew from decedent's bank accounts after her death. He admits he took the money from her bank accounts but maintains he used the money to pay debts that her estate was obligated to pay. Therefore, he asserts the estate would be unjustly enriched if he is required to reimburse the estate. We disagree.

To establish unjust enrichment, Medina must show: (1) that a benefit was conferred upon the estate; (2) that the benefit was appreciated by the estate; and (3) that the benefit was accepted by the estate under such circumstances that it would be inequitable for it to be retained without payment of its value. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo. 1986).

■ Here, Medina testified that he used part of the money to make a payment on a pickup truck he owned jointly with the decedent. However, since he became the sole owner of the truck upon the death of the decedent, he has failed to show that it would be inequitable for the estate to be freed of an obligation upon a non-estate asset. *See Park State Bank v. McLean*, 660 P.2d 13 (Colo.App.1982).

Medina also testified that he used the money to pay the mobile home payment, the lot rent, and the utility bills, all of which debts were solely in the decedent's name. However, Medina continued to live in the mobile home after decedent's death; therefore, the money also paid his living expenses. Under these circumstances we conclude that Medina failed to show it would be inequitable for the estate to be reimbursed. *Martinez v. Continental Enterprises, supra*.

The orders are affirmed.

PIERCE and PLANK, JJ., concur.